UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

Kevin Cole, as trustee for the next-of-kin of
Dean Cole, decedent,

           Plaintiff,

vs.

GGNSC Stillwater Greeley LLC, d/b/a
Golden LivingCenter Greeley, Golden Gate
National Senior Care LLC, GGNSC Equity
Holdings LLC, GGNSC Clinical Services
LLC, and GGNSC Administrative Services
LLC,

           Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, for his Complaint against Defendants, states and alleges as follows:

### JURISDICTION

1. Federal jurisdiction exists due to diversity of citizenship between the parties and an amount greater than $75,000 in controversy, pursuant to 28 U.S.C. § 1332(a)(1).

### THE PLAINTIFF

2. At all times relevant to this action, Dean Cole was a citizen of Minnesota and a resident of Washington County, Minnesota.

3. Plaintiff Kevin Cole is a resident of the State of Minnesota and has been duly appointed trustee for the next-of-kin of Dean Cole by Order of the Washington County (Minnesota) District Court, filed July 2, 2007, Court File no. 82-C2-07-004249, The Hon. Kenneth Jorgensen.

### THE DEFENDANTS

4. **GGNSC STILLWATER GREELEY LLC**, is a Delaware limited liability company with its principal place of business in San Francisco, California.

5. At all times relevant to this action, the State of Minnesota issued a license to GGNSC Stillwater Greeley LLC to operate a skilled nursing facility known as Golden LivingCenter Greeley, located at 313 South Greeley Street in Stillwater, Minnesota.

6. **GOLDEN LIVINGCENTER GREELEY** is an assumed name held by Defendant GGNSC Stillwater Greeley LLC.

7. **GOLDEN GATE NATIONAL SENIOR CARE LLC,** is a Delaware limited liability company with its principal place of business in Little Rock, Arkansas.

8. **GGNSC EQUITY HOLDINGS LLC**, is a Delaware limited liability company with its principal place of business in San Francisco, California.

9. GGNSC Equity Holdings LLC, owns a 100% interest in GGNSC Stillwater Greeley LLC.

10. **GGNSC ADMINISTRATIVE SERVICES LLC** d/b/a Golden Ventures is a Delaware limited liability company with its principal place of business in Fort Smith, Arkansas.

11. **GGNSC CLINICAL SERVICES LLC** is a Delaware limited liability company with its principal place of business in Fort Smith, Arkansas.

### PRINCIPAL-AGENT RELATIONSHIPS

12. GGNSC Stillwater Greeley LLC and Golden Gate National Senior Care LLC, have established a Principal-Agent relationship, in that:

    a. there was a manifestation by Golden Gate National Senior Care LLC, that GGNSC Stillwater Greeley LLC shall act for it;

    b. GGNSC Stillwater Greeley LLC accepted this undertaking; and

    c. there was an understanding by the parties that Golden Gate National Senior Care LLC, was to be in control of the undertaking.

13. GGNSC Equity Holdings LLC and Golden Gate National Senior Care LLC, have established a Principal-Agent relationship, in that:

    a. there was a manifestation by Golden Gate National Senior Care LLC, that GGNSC Equity Holdings LLC shall act for it;

    b. GGNSC Equity Holdings LLC accepted this undertaking; and

    c. there was an understanding by the parties that Golden Gate National Senior Care LLC, was to be in control of the undertaking.

14. GGNSC Clinical Services LLC and Golden Gate National Senior Care LLC, have established a Principal-Agent relationship, in that:

    a. there was a manifestation by Golden Gate National Senior Care LLC, that GGNSC Clinical Services LLC shall act for it;

      b.     GGNSC Clinical Services LLC accepted this undertaking; and

      c.     there was an understanding by the parties that Golden Gate National Senior Care LLC, was to be in control of the undertaking.

15.    GGNSC Administrative Services LLC and Golden Gate National Senior Care LLC, have established a Principal-Agent relationship, in that:

      a.     there was a manifestation by Golden Gate National Senior Care LLC, that GGNSC Administrative Services LLC shall act for it;

      b.     GGNSC Administrative Services LLC accepted this undertaking; and

      c.     there was an understanding by the parties that Golden Gate National Senior Care LLC, was to be in control of the undertaking.

## JOINT ENTERPRISE

16.    GGNSC Stillwater Greeley LLC, Golden Gate National Senior Care LLC, GGNSC Equity Holdings LLC, GGNSC Clinical Services LLC and GGNSC Administrative Services LLC were engaged in a joint enterprise, in that:

      a.     GGNSC Stillwater Greeley LLC, Golden Gate National Senior Care LLC, GGNSC Equity Holdings LLC, GGNSC Clinical Services LLC and GGNSC Administrative Services LLC had a mutual understanding for the common purpose of operating the Golden LivingCenter Greeley; and

      b.     GGNSC Stillwater Greeley LLC, Golden Gate National Senior Care LLC, GGNSC Equity Holdings LLC, GGNSC Clinical Services LLC and GGNSC Administrative Services LLC each had a right to a voice in the direction and control of the means to carry out this common purpose.

## PROFESSIONAL NEGLIGENCE

17.    On December 8, 2006, Defendants admitted Dean Cole as a resident at Golden LivingCenter Greeley.

18.    Dean Cole had a high risk of malnutrition and dehydration during his residency at Golden LivingCenter Greeley.

19.    Defendants owed a duty of care to Dean Cole, which included, but was not limited to:

      a.     LEGAL COMPLIANCE – Complying with applicable federal regulations, state statutes and rules, and professional standards of care;

    b.    ASSESSMENT – Conducting a comprehensive, accurate, standardized reproducible assessment of Dean Cole's functional capacity;

    c.    CARE PLANNING – Developing and implementing a comprehensive, individualized care plan for Dean Cole that included measurable objectives and timetables to meet his medical, nursing, mental, and psychosocial needs;

    d.    NURSING INTERVENTIONS – Developing and implementing new nursing interventions when Defendants' Care Plan for Dean Cole no longer met his needs;

    e.    NUTRITION – Ensuring that Dean Cole maintained acceptable parameters of nutritional status, including body weight and protein levels;

    f.    HYDRATION – Providing Dean Cole with sufficient fluid intake to maintain proper hydration and health;

    g.    NOTIFICATION – Notifying Dean Cole's physician and family immediately when there was a significant change in Dean Cole's health status;

    h.    SUFFICIENT STAFF – Having sufficient nursing staff to provide nursing and related services to allow Dean Cole to attain or maintain the highest practicable physical, mental, and psychosocial well-being in accordance with his resident assessments and individual plans of care;

    i.    COMPETENT STAFF – Ensuring that direct care staff were competent in the skills and techniques necessary to care for Dean Cole's needs, and were able to perform their assigned duties;

    j.    CLINICAL RECORDS – Maintaining clinical records for Dean Cole in accordance with accepted professional standards and accepted standards of professional nursing practice; and

    k.    WELL-BEING AND QUALITY OF LIFE – Providing goods and services for Dean Cole necessary to avoid physical harm, mental anguish or mental illness; caring for Dean Cole in a manner and in an environment that promoted maintenance or enhancement of his quality of life; and providing the necessary care and services for Dean Cole to attain or maintain the highest practicable physical, mental, and psychosocial well-being, in accordance with the comprehensive assessment and plan of care.

20.    Defendants were negligent in the care and treatment of Dean Cole. Defendants breached the duties they owed to Dean Cole, *inter alia*, by their failure to meet Dean Cole's nutrition and hydration needs, their failure to timely notify Mr. Cole's physician and family of his condition changes, their failure to properly assess Mr. Cole and create a comprehensive care plan, and their failure to provide quality of care to Mr. Cole. Defendants' care and treatment breached the applicable standards of care that Defendants owed to Dean Cole.

## NEGLIGENCE PER SE

21. Defendants violated federal and Minnesota nursing home safety regulations resulting in negligence per se.

## ORDINARY NEGLIGENCE

22. The Golden LivingCenter Greeley's unlicensed and nonprofessional staff employed by Defendants, had a duty to provide personal care to Dean Cole, including providing food and water, which was within the general knowledge and experience of lay persons.

23. The Golden LivingCenter Greeley unlicensed and nonprofessional staff employed by Defendants negligently failed to provide adequate food and water to Mr. Cole.

## INSTRUMENTALITY LIABILITY

24. GGNSC Stillwater Greeley LLC is subject to the exclusive and total control of GGNSC Equity Holdings LLC.

25. GGNSC Equity Holdings LLC controls GGNSC Stillwater Greeley LLC to such an extent as to render GGNSC Stillwater Greeley LLC a mere instrumentality of GGNSC Equity Holdings LLC.

26. The officers and directors of GGNSC Stillwater Greeley LLC are identical to the officers and directors of GGNSC Equity Holdings LLC.

27. GGNSC Equity Holdings LLC has undercapitalized GGNSC Stillwater Greeley LLC. GGNSC Equity Holdings LLC has only made a capital contribution of $10.00 to GGNSC Stillwater Greeley LLC.

28. GGNSC Equity Holdings LLC is subject to the exclusive and total control of Golden Gate National Senior Care LLC.

29. Golden Gate National Senior Care LLC controls GGNSC Equity Holdings LLC to such an extent as to render GGNSC Equity Holdings LLC a mere instrumentality of Golden Gate National Senior Care LLC.

30. The officers and directors of GGNSC Equity Holdings LLC are identical to the officers and directors of Golden Gate National Senior Care LLC.

## DIRECT CORPORATE LIABILITY

31. Golden Gate National Senior Care LLC, GGNSC Equity Holdings LLC, GGNSC Clinical Services LLC and GGNSC Administrative Services LLC each controlled, had the right to control, directed and/or authorized the day-to-day operation of the Golden LivingCenter

5

Greeley, including the manner in which Golden LivingCenter Greeley treated and cared for Dean Cole.

32. Golden Gate National Senior Care LLC, GGNSC Equity Holdings LLC, GGNSC Clinical Services LLC and GGNSC Administrative Services LLC each **negligently controlled and participated** in the day-to-day administrative and standard making functions, operations, planning, management, and quality control of Golden LivingCenter Greeley.

33. Defendants negligently and deliberately failed to have sufficient nursing staff at the Golden LivingCenter Greeley to provide nursing and related services to allow Dean Cole to attain or maintain the highest practicable physical, mental, and psychosocial well-being in accordance with his resident assessments and individual plans of care.

34. Defendants negligently and deliberately failed to supervise resident care, failed to enforce resident care guidelines, and failed to ensure that direct care staff at the Golden LivingCenter Greeley were competent in the skills and techniques necessary to care for Dean Cole's needs and able to perform their assigned duties.

35. Defendants' **corporate negligence** resulted in the dangerous delivery of health care to the residents of Golden LivingCenter Greeley, including Dean Cole.

## WRONGFUL DEATH

36. On December 29, 2006, Dean Cole was transferred by ambulance from Golden LivingCenter Greeley to Lakeview Memorial Hospital, where medical personnel treated Mr. Cole for profound dehydration that had resulted in a severe electrolyte disorder.

37. As a direct and proximate result of Defendants' negligence, Dean Cole died on January 21, 2007 due to dehydration and pneumonia.

38. Dean Cole's decline and death could and should have been prevented had Defendants' care met minimum acceptable standards.

39. As a direct and proximate result of Defendants' negligence, the next-of-kin of Dean Cole have incurred expenses for the last illness and funeral expenses of Dean Cole, and they have sustained pecuniary and non-pecuniary losses within the meaning of Minn.Stat. § 573.02, and were otherwise damaged.

## COMPLIANCE WITH MINN.STAT. § 145.682

40. The Affidavits of Natalie Baker, MSN, CRNP (filed with this Complaint as Exhibit A), Jeffrey Levine, M.D. (filed with this Complaint as Exhibit B), Mary Litchford, Ph.D., RD, LDN (filed with this Complaint as Exhibit C) and Kimberlee Thielen, M.D. (filed with this Complaint as Exhibit D), satisfy the requirements of Minn.Stat. § 145.682 and the case law interpreting that statute.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, for a reasonable sum in excess of Seventy-five Thousand and No/100 Dollars ($75,000.00), together with interest, costs and disbursements herein, as well as such other legal or equitable relief, including attorneys' fees, and such other legal or equitable relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY TRIAL
FOR ALL OF THE ISSUES AND CAUSES PLEADED HEREIN SO TRIABLE.**

Dated: December 29, 2008

Mark R. Kosieradzki (ID # 57745)
Joel E. Smith (ID # 213184)
Lucas V. Cragg (ID # 286623)
**KOSIERADZKI SMITH LAW FIRM, LLC**
3675 Plymouth Boulevard, Suite 105
Plymouth, MN 55446
(763) 746-7800
Attorneys for Plaintiff